UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER HANCOCK,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　**COMPLAINT**
　　　　　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　　　　　)　　**JURY TRIAL DEMANDED**
　　　　　　　　-against-　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　ECF Case # 20-cv-9927
THE CITY OF NEW YORK,　　　　　　　　　)
POLICE OFFICER I. ABRAMOWITZ, and　　)
JOHN and JANE DOES,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendants.　　　)
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

**JURY TRIAL DEMANDED**

4.  Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

**VENUE**

5.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

**NOTICE OF CLAIM**

6.  Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.   More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

**PARTIES**

7.  Plaintiff CHRISTOPHER HANCOCK is a resident of New York, New York.

8.  Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.   It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.   Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

9.  Defendants ABRAMOWITZ and JOHN and JANE DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.   The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and

2

functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

### STATEMENT OF RELEVANT FACTS

10. On August 31, 2019 plaintiff HANCOCK and others were at or near 131 St. Nicholas Avenue in Manhattan.  They were there after a funeral, and several candles were lit and placed on the ground.

11. Plaintiff and others spoke to Fire Department personnel and they did not object to the candles.

12. Plaintiff and others were approached by Defendants ABRAMOWITZ and JOHN and JANE DOES.

13. Defendants told plaintiff and others to remove the candles or they would destroy them.

14. Plaintiff and others told the officers that Fire Department personnel had been there and did not object to the candles.  One of the people gathered after the funeral sat down near the candles.

15. Police officers assaulted and arrested plaintiff HANCOCK, although plaintiff HANCOCK had done nothing to justify his arrest.

16. During his arrest plaintiff HANCOCK told defendant officers that he had a pre-existing injury to his wrist, and that the cuffs were too tight, but the officers made no accommodation to his injury.

17. Plaintiff HANCOCK repeatedly requested medical attention, but it was refused.

18.     Defendant ABRAMOWITZ gave plaintiff HANCOCK a Desk Appearance Ticket for Disorderly Conduct.

19.     All charges were dismissed.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

20.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

21.     By their conduct and actions in falsely arresting and assaulting plaintiff, denying plaintiff medical treatment, and by failing to intervene to prevent the complained of conduct, defendants ABRAMOWITZ and JOHN and JANE DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

22.     As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily injury, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

23.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24.     At all times material to this complaint, defendant THE CITY OF NEW YORK

had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

25. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants ABRAMOWITZ and JOHN and JANE DOESs. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

26. As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily injury, emotional distress, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

27. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. By the actions described above, defendants falsely arrested and imprisoned plaintiff, or caused plaintiff to be falsely arrested and imprisoned, without probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.


29. As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily injury, emotional distress, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### ASSAULT AND BATTERY

30. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. By the actions described above, defendants did inflict assault and battery upon plaintiff. The acts and conduct of the defendant were the direct and proximate cause of injury and damage to plaintiff and violated statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

32. As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily injury, emotional distress, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### NEGLIGENCE

33. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

34. Defendants, jointly and severally, negligently caused injuries, emotional distress, and damage to plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35. As a result of the foregoing, plaintiff was deprived of liberty, suffered specific

and serious bodily injury, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### DENIAL OF MEDICAL ATTENTION

36. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37. Defendants denied and/or delayed providing plaintiff HANCOCK reasonable, good faith medical attention while he was in custody of defendants.

38. As a result, plaintiff suffered serious injury or significant exacerbation of injury.

39. Defendants' conduct violated New York Civil Rights Law Section 28.

40. As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily injury, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### *RESPONDEAT SUPERIOR*

41. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

42. At all relevant times, Defendant ABRAMOWITZ was an employee of THE CITY OF NEW YORK and was acting within the scope of his employment.

43. THE CITY OF NEW YORK is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of Defendant ABRAMOWITZ as set forth herein.

## EIGHTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. By the actions described above, Defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Pre- and post-judgment costs, interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
              November 23, 2020

*Lance Clarke*
_____

**Lance A. Clarke, Esq.**
Hamilton|Clarke, LLP
48 Wall Street, Suite 1100
New York, New York 10005
T: 212-729-0952   F: 646-779-0719
LC@HamiltonClarkeLLP.com

**Michael L. Spiegel, Esq.**
11 Park Place, Suite 914
New York, NY 10007
(212)587-8558
Mikespieg@aol.com